1

2

3                                                          O

4

5

6                                              JS-6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                              )
                                )
11   CLEO PAGE,                 )   Case Nos. **EDCV 13-01502-VAP**
                                )            EDCR 02-00063-VAP
12              Petitioner,     )
                                )   **ORDER DISMISSING MOTION TO**
13       v.                     )   **VACATE, SET ASIDE, OR**
                                )   **CORRECT A SENTENCE**
14   UNITED STATES OF           )
     AMERICA,                   )
15                              )
                Respondent.     )
16   _____ )

17

18       Before the Court is a Motion to Vacate, Set Aside, or

19   Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No.

20   1082) ("Motion"),[1] filed by Petitioner Cleo Page

21   ("Petitioner") on August 22, 2013.  Respondent United

22   States of America ("Respondent") filed a Memorandum in

23   Opposition to the Motion (Doc. No. 1083) ("Opposition")

24   on September 9, 2013.  Petitioner filed a Traverse to the

25

26   _____

27       [1]   Several of the documents relating to the Motion
     appear on both the civil docket for this case, EDCV 13-
     1502 VAP, and on the docket for the underlying criminal
28   case, <u>United States v. Kidd, et al.</u>, EDCR 02-63 VAP.
     Unless otherwise noted, all citations to docket numbers
     refer to the criminal case docket.

Opposition (Doc. No. 1084) ("Traverse") on November 18, 2013.  The Court finds the matter appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; Local R. 7-15.  After considering the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion.

## I.  PROCEDURAL BACKGROUND

On June 6, 2002, a federal grand jury returned an eight-count indictment against Petitioner and eleven co-defendants, charging them with crimes committed in connection to violations of 21 U.S.C. §§ 846, 841(a)(1), conspiracy to possess with intent to distribute and distribution of cocaine base in the form of crack cocaine.  (Mot. at 1; Indictment (Doc. No. 1).) Petitioner pleaded guilty to the conspiracy count (count one) of the indictment on January 17, 2003.  (Mot. at 1; Opp'n at 1-2.)

On March 26, 2003, the United States Probation Office released its Presentence Investigation Report ("PSR") to the parties.  (Mot. at 2; Opp'n at 2.)  The PSR identified two prior felony convictions: (1) on January 26, 1996, for possession of a controlled substance with intent to sell in the Nevada 8th Judicial District, Case Number C121157B, for which Petitioner was sentenced to three years in state prison; and (2) on August 20, 1998,

for infliction of injury on spouse in the Riverside
County Superior Court, Case Number RIF76200, for which he
was sentenced to three years in state prison.  (Mot. at
2; Opp'n at 2.)  Although Petitioner's offense level
based on the amount of crack cocaine involved was 36, the
PSR recommended the offense level of 37, applying the
level for a career offender under United States
Sentencing Guideline ("USSG") § 4B1.1.  (Mot. at 2; Opp'n
at 2.)  After applying a three-level reduction for
acceptance of responsibility, the PSR arrived at the
total adjusted offense level of 34.  (Mot. at 2; Opp'n at
2.)  Based on a total adjusted offense level of 34 and a
criminal history category of VI, the PSR determined that
the applicable sentencing guideline range was 262-327
months.  (Mot. at 2; Opp'n at 2-3.)

       On July 14, 2003, this Court sentenced Petitioner to
a 295-month term of imprisonment, followed by a term of
supervised release of five years.  (J. &
Probation/Commitment Order (Doc. No. 410) at 1.)
Petitioner's 295-month term of imprisonment, which was in
the middle of the guideline sentencing range, was partly
the result of his career offender status.  Petitioner
subsequently appealed his conviction (see Doc. No. 426),
and the Ninth Circuit affirmed the judgment.  See United
States v. Page, 112 F. App'x. 568 (9th Cir. 2004).

On January 21, 2011, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, Pursuant to 18 U.S.C. § 3582 (Doc. No. 1050.) ("Motion for Retroactive Application").  After the Government opposed, the Court held a hearing and denied the Motion for Retroactive Application on May 23, 2011. (Doc. No. 1064.)

Petitioner is currently in custody, serving the sentence imposed in this case.  (Mot. at 2; Opp'n at 3.)

## II.  LEGAL STANDARD

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  United States v. Timmreck, 441 U.S. 780, 783–84 (1979).  If the record clearly indicates that a petitioner does not have a claim or that the petitioner has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing.  United States v. Quan, 789 F.2d

4

711, 715 (9th Cir. 1986); <u>see also</u> <u>United States v.</u>
<u>Chacon-Palomares</u>, 208 F.3d 1157, 1159 (9th Cir. 2000)
("When a prisoner files a § 2255 motion, the district
court must grant an evidentiary hearing 'unless the
motion and the files and records of the case conclusively
show that the prisoner is entitled to no relief.'"
(quoting 28 U.S.C. § 2255)).


### III.   DISCUSSION

   Petitioner asserts the United States Supreme Court's
decision in <u>Descamps v. United States</u>, 133 S. Ct. 2276
(2013), requires the Court to vacate his sentence and
resentence him without the USSG § 4B1.1 enhancement for
career offenders.  (Mot. at 5.)


   In <u>Descamps</u>, the Supreme Court considered the
question of how "violent felony" in the Armed Career
Criminal Act ("ACCA"), 18 U.S.C. § 924(e), should be
applied to a crime defined more broadly than the generic
definition of the crime.  133 S. Ct. at 2281.  The Ninth
Circuit had held in the same case that a sentencing court
may take the "modified categorical approach" when
adjudicating on such a question.  <u>United States v.</u>
<u>Descamps</u>, 466 F. App'x 563, 565 (9th Cir. 2012).  Under
the modified categorical approach, a sentencing court
conducts a limited examination of documents in the
conviction record to determine if there is sufficient

evidence to conclude that the defendant was convicted of the elements of the generically defined crime, even if the statute used to convict the defendant contains additional elements.  United States v. Aquila-Montes de Oca, 655 F.3d 915, 940 (2011) (en banc) (per curiam). The Supreme Court, however, held in Descamps that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was [previously] convicted has a single, indivisible set of elements," rather than a "divisible" set providing alternative elements.  133 S. Ct. at 2282.

Petitioner argues that, pursuant to Descamps's holding, the sentencing enhancement he received in this case for his August 20, 1998 conviction, under California Penal Code § 273.5(a), for infliction of injury on spouse, should be vacated because § 273.5(a) is a divisible statute criminalizing "both morally and non-morally turpitudinous conduct" (Mot. at 4.)  Petitioner insists his violation of § 273.5(a) cannot categorically be considered a "crime of violence" under USSG § 4B1.1 (thereby subjecting him to a career offender enhancement), because, implicitly borrowing Descamps's language, a violation of "§ 273.5 is categorically broader than the generic offense" (id. at 5) and "can not qualify as a categorically crime of violence" (Traverse at 1-2).  In so arguing, Petitioner appears to assume

6

that the Court took the modified categorical approach in determining that his crime of inflicting injury on his spouse was a "crime of violence" under the § 4B1.1 career offender enhancement, and argues that the conviction record for his § 273.5(a) violation does not provide sufficient evidence to establish that his offense was a crime of violence.  (Id. at 2.)

    As Respondent points out in the Opposition, however, the Ninth Circuit has repeatedly held that conviction under California Penal Code § 273.5 "qualifies as a 'crime of violence,'" warranting sentencing enhancement under the USSG.  (Opp'n at 4 (citing United States v. Ayala-Nicanor, 659 F.3d 744, 749, 753 (9th Cir. 2011); United States v. Laurico-Yeno, 590 F.3d 818, 820 (9th Cir. 2010).)  The Ninth Circuit has declared that, because the use of physical force against the person of another is an element in § 273.5, California's statute criminalizing infliction of injury on one's spouse, a violation of this statute constitutes a categorical crime of violence that does not trigger the use of the modified categorical approach when determining sentencing enhancements under the USSG.  See Laurico-Yeno, 590 F.3d at 820; Ayala-Nicano, 659 F.3d at 753.

    As a violation of § 273.5 categorically constitutes a crime of violence, Descamps is inapplicable here, and

whether the Court took the modified categorical approach
at Petitioner's sentencing is irrelevant.  Under Ninth
Circuit law, the Court properly determined that
Petitioner's August 20, 1998 conviction, under
§ 273.5(a), for infliction of injury on spouse, was a
crime of violence, and that Petitioner was subject to the
USSG § 4B1.1 enhancement for career offenders.
Accordingly, Petitioner's Motion and the files and
records of the case conclusively show that he is not
entitled to vacatur of his sentence and resentencing
without the USSG § 4B1.1 enhancement for career
offenders.

### IV.   CONCLUSION

As Petitioner's arguments fail, the Court DENIES
Petitioner's § 2255 Motion WITH PREJUDICE.

Dated:  _December 23, 2013_      _____
                                 VIRGINIA A. PHILLIPS
                                 United States District Judge